UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PUERTO RICO AQUEDUCT AND SEWER AUTHORITY and the COMMONWEALTH OF PUERTO RICO,<br><br>    Defendants. | CIVIL ACTION NO. 3:15-CV-02283 |

FIRST MODIFICATION OF CONSENT DECREE

WHEREAS, on May 23, 2016, this Court entered a Consent Decree ("Decree") in this action between the United States, the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), and the Commonwealth of Puerto Rico (collectively the "Parties"), to resolve civil claims alleged in a complaint filed by the United States.[1]  The complaint alleged that PRASA violated the Clean Water Act ("CWA"), 33 U.S.C § 1251, et seq., with regard to 52 PRASA wastewater treatment plants ("WWTPs") and their associated wastewater collection systems, 768 wastewater pump stations, 119 water treatment plants ("WTPs"), and PRASA's Puerto Nuevo Regional WWTP ("RWWTP") Sewer System.

WHEREAS, the Decree requires extensive injunctive relief to be performed throughout Puerto Rico.  Generally, the Decree requires the following actions:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Decree.

- Submission of bi-annual reports detailing the status and/or progress of the actions taken in compliance with the Decree and submission of several reports proposing actions by PRASA.  For instance, specific to the Puerto Nuevo RWWTP Sewer System, PRASA is required to submit a Nine Minimum Controls ("NMCs") Report addressing comments from EPA and demonstrating the status of PRASA's compliance with each of the NMCs for combined sewer overflows ("CSOs") as set forth in EPA's 1994 CSO Control Policy.

- Specific remedial measures at WWTPs and sludge treatment systems ("STSs") at certain WTPs and implementation of several projects at the Puerto Nuevo RWWTP Sewer System.

- The remedial measures at the WWTPs (estimated in 2015 to cost $140 million) include the following types of remedial measures: perform studies in the Sewer System to determine infiltration and inflow ("I/I") into WWTPs; Perform I/I Corrections in the Collection Systems; rehabilitate/install sewer lines; replace/install equipment at WWTPs; and eliminate and divert WWTP discharges to other facilities.

- The remedial measures at the STSs (estimated in 2015 to cost $75 million) include the following types of measures: eliminate WTPs; construct new STSs; and rehabilitate WTPs.

- With respect to the Puerto Nuevo RWWTP Sewer System, PRASA is required to develop and implement a Sewer System Operation and Maintenance Plan ("S2OMP") to properly eliminate sanitary sewer overflows ("SSOs") and Unauthorized Releases, and control CSOs. The Decree requires PRASA, among other things, to conduct sewer reconnaissance of all sewers hydraulically connected to the Puerto Nuevo RWWTP Sewer System, including undertaking efforts to eliminate blockages and overflows within the system.  PRASA is required to complete reconnaissance and cleaning of all such sewers less than 30 inches in diameter in priority areas (identified in map attached as Appendix L of the Decree) within three years from the Date of Lodging.  If, during the Sewer System Reconnaissance and Cleaning in the priority areas, it is determined that a sewer with a diameter of greater than 30 inches is the cause of SSOs in the areas identified in Appendix L of the Decree, PRASA is required to modify its Sewer System Reconnaissance and Cleaning schedule to include cleaning of such sewer pipes with a diameter of greater than thirty (30) inches or sections thereof.

- PRASA is also required to implement an Integrated Maintenance Program for the WWTPs and associated pump stations; Fats, Oil and Grease (FOG) program; Spill Response and Cleanup Plan ("SRCP"), and reporting using the EPA Reporting Form for SSOs and Unauthorized Releases, and Training for its employees.

- PRASA is also required to provide EPA certain financial information on an annual basis.  PRASA must provide the following: annual financial report, any rating agency reports received during the previous year, projected budget for next fiscal year, its debt service coverage ratio, senior lien coverage ratio, liquidity, any approved future rate increases, key financial ratios monitored internally and for lender(s), current bond ratio and

ratings, number of customers by service pipe, and other financial information requested by EPA.

WHEREAS, PRASA has asserted that circumstances beyond its control, including hurricanes Irma and María (the "Hurricanes"), as well as changed financial circumstances, have made it difficult to comply with certain requirements of the Decree, including the deadlines for certain projects.

WHEREAS, the United States has agreed, pursuant to Paragraphs 37 and 134 of the Decree, to extend the deadlines for certain projects.

WHEREAS, the Parties agreed to certain other revisions of the Decree in order to improve its effectiveness and clarity.

WHEREAS, the Modification was lodged with the Court on June 29, 2023 and notice of a 30-day public comment period was published in the Federal Register on July 6, 2023.

WHEREAS, in order to respond to certain comments submitted during the public comment period, the Parties have agreed to make certain revisions of the Modification.

NOW, THEREFORE, the Decree is modified by agreement of the Parties, which have entered into this First Modification of Consent Decree ("Modification"), as follows:

1.      Paragraph 7.u of the Decree defines "Pump Station" and refers to Appendix F (List of WWTP Pump Stations Covered by Consent Decree).  Attached hereto at Appendix 1 is a revised Appendix F, which shall replace Appendix F of the Decree.

2.      Paragraph 8 of the Decree requires PRASA to implement certain remedial measures (projects) related to its WTPs by certain deadlines set forth in Appendix H of the Decree (Base List for Remedial Measures to address Washwater Discharges at WTPs).  Five of the six projects have been completed.  One project, which involves the replacement of the

3

Ceiba Sur WTP with the new Valenciano WTP (or alternative project to eliminate the Ceiba Sur WTP), was to be completed by a December 2020 deadline.  The deadline for completion of this project is extended to May 31, 2027.  Certain additional remedial measures needed at other WTPs in light of the destruction caused by the Hurricanes are listed at Appendix 2 of this Modification with their corresponding completion dates (along with measures to be implemented at the WWTPs).

3.    Paragraph 18 of the Decree requires PRASA to implement certain remedial measures related to its WWTPs by certain deadlines set forth in Appendix J of the Decree (Base List for Remedial Measures for WWTPs).  PRASA has completed ten of the seventeen projects.  The compliance dates for seven of the projects not yet completed are modified as set forth in Table 1 below:

Table 1.  Revised Compliance Dates for Certain Appendix J Projects

| Region | Facility | Project Description | Estimated Cost to Complete | Compliance Date |
|---|---|---|---|---|
| East | Rio Grande Estates | Divert facility to the private CBUC plant or  the Carolina/Fajardo WWTP | $10,241,368 | December 31, 2023 |
| East | Caguas | Aguas Buenas/Caguas Sanitary Trunk Sewer Collection System | $19,021,118 | December 31, 2025 |
| Metro | Puerto Nuevo | Installation of degritter system | $29,253,546 | March 31, 2025 |

| Metro | Bayamón | Overall improvement project: Influent head-works, influent pumps, grit removal system, and clarifier's travelling bridges | $12,789,458 | December 31, 2024 |
|---|---|---|---|---|
| South | Patillas | Divert facility to Guayama Regional WWTP | $31,926,113 (trunk sewer) and $90,414,628 (other im-provements) | December 31, 2026 |
| South | Ponce | Phase II: Rehabilitation of trunk sewer (28 km) | $12,960,150 | July 31, 2025 |
| West | Isabela | Diversion of the Isabela WWTP discharge to Aguada WWTP | $90,000,000 | December 31, 2028 |

In addition, Paragraph 18 and Appendix J of the Decree are revised to add the seventeen new Appendix J Projects set forth in Table 2 below:

Table 2 – <u>New Appendix J Projects</u>

| Region | Facility | Project Description | Estimated Cost to Complete | Compliance Date |
|---|---|---|---|---|
| North | Arecibo | Diversion of the Arecibo WWTP discharge to Barceloneta WWTP | $22,059,496 | December 31, 2030 |

5

| South | Guayama | Improvements to Guayama WWTP: Replace the existing influent screens and relocate screenings dumpsters to increase solids removal and improve operational conditions. Improvements to Influent Pump Station. Demolish existing degritting units and influent channel and replace with new vortex type degritting units. Demolish both existing primary clarifiers and build two new circular primary clarifiers with the design flow capacity and capable of receiving wasted activated sludge from the secondary treatment. Improvements to secondary biological treatment. Improvements to disinfection system | $80,180,336 | October 31, 2026 |
|---|---|---|---|---|
| South | Peñuelas | Elimination of Peñuelas WWTP: Divert facility to Ponce WWTP or Rehabilitation of Peñuelas WWTP | $27,700,000 | March 31, 2026 |
| South | Guayanilla | Elimination of Guayanilla WWTP: Divert facility to Ponce WWTP or the more accessible or feasible WWTP | $17,793,414 | December 31, 2027 |
| West | Mayagüez | Improvements Mayagüez Outfall: Perform structural repairs to existing outfall | $20,000,000 | December 31, 2028 |
| North | Camuy | Improvements Camuy Outfall: Perform structural repairs to existing outfall or divert facility to Barceloneta WWTP | $27,000,000 | December 31, 2030 |

| East | Caguas | Improvements to Caguas WWTP (Repair Primary Clarifier #2) | $18,000,000 | October 31, 2028 |
|---|---|---|---|---|
| East | Comerio | Clarifiers Rehabilitation Project (Repair Primary Clarifier # 1) | $543,445 | December 31, 2024 |
| East | Vieques | Vieques WWTP Improvements (Replace Aeration Tank Air Diffusers) | $25,000,000 | December 31, 2027 |
| Metro | Enrique Ortega | Rehabilitation of the Enrique Ortega Water Treatment Plant (STS, Repair filter press) | $135,642,406 | July 31, 2028 |
| North | Corozal | Divert facility to Barceloneta WWTP (Replace Grit Transmission #1, Replace Comminutor # 1 and #2 and Replace flow distribution bar (splitter box) and replace Grit Transmission # 2) | $5,000,000 | December 31, 2030 |
| West | Aguada | Rehabilitation of Aguada WWTP (Repair clarifier units, replace chlorine contact chamber valves, repair influent pump #4) | $16,000,000 | December 31, 2028 |
| West | Maricao | Rehabilitation of Maricao WTP (STS, Repair drying beds) | $6,000,000 | October 31, 2027 |
| West | Mayagüez | Mayagüez WWTP Improvements (Repair Primary Clarifier #1 scum collector and replace weirs at Clarifiers #1 and #2 and replace Primary Clarifiers bridges) | $61,004,319 | December 31, 2028 |
| North | Dorado | New Dorado Trunk Sewer (Replace Rake Screen # 1) | $23,769,521 | December 31, 2024 |
| North | Morovis Sur | Rehabilitation of Morovis WTP (STS, Repair Centrifuge) | $31,040,527 | December 31, 2026 |

7

| West | Aguadilla | Rehabilitation of Aguadilla Montaña WTP (STS, Repair Thickener and Rehabilitate Sludge Drying Beds) | $18,000,000 | December 31, 2028 |
|---|---|---|---|---|

Paragraph 18 is also revised to add certain remedial measures that are needed in light of the impact of the destruction caused by the Hurricanes. These additional remedial measures are listed at Appendix 2 of this Modification, with their corresponding completion dates (along with measures to be implemented at the WTPs).

4.        Paragraph 21 of the Decree requires PRASA to comply with all the requirements of its NPDES permit for the Puerto Nuevo Combined Sewer System, including requirements concerning Combined Sewer System discharges as described by the "Combined Sewer Overflows – Guidance for Nine Minimum Controls". EPA 832-B-95-003, May 1995 ("NMC Guidance"). Paragraph 21 is modified to add the following additional requirements related to Nine Minimum Controls compliance in connection with the Puerto Nuevo Combined Sewer System: (a) PRASA shall perform inspection and cleaning and other necessary maintenance of sewers and manholes located at the Puerto Nuevo Combined Sewer System on an appropriate schedule considering (i) monitoring, (ii) modeling or (iii) historic maintenance problems related to FOG, debris, solids, sand, roots and/or any other obstructions; and (b) within six months of the Court's approval of this Modification, PRASA shall provide the general public with information, to be available on PRASA's website, concerning where CSOs occur at the Puerto Nuevo RWWTP Combined Sewer System, the dangers posed by interacting with sewage resulting from such CSOs, methods for reporting CSO activations, and PRASA's

efforts to control CSOs.  The information on PRASA's website described above shall be readily accessible, searchable, and clearly labeled.

5.      Paragraph 21 of the Decree requires PRASA to file NMC Reports by November 30 of each year until the Decree terminates.  Paragraph 21 of the Decree also provides that PRASA may submit the Combined Sewer System Characterization, Monitoring, and Modeling Report ("CMMR") with the NMC Report as long as the document has distinct sections for each report.  Paragraph 22 of the Decree requires PRASA to submit an S2OMP Annual Report by January 30 of each year until the Decree terminates.  PRASA submitted a document on May 31, 2019 that included all three of these reports and revised electronic maps of the Puerto Nuevo RWWTP Sewer System in GIS format.  PRASA also filed consolidated reports in May of 2020, 2021 and 2022.  Paragraphs 21 and 22 of the Decree are modified to provide that all three of the aforementioned reports shall be submitted in a single document, with separate sections for each report, on or before May 31 of each year until the Decree is terminated. Likewise, Paragraph 35 of the Decree is modified to provide that revised electronic maps of the Puerto Nuevo RWWTP Sewer System in GIS format shall be submitted to EPA on or before May 31 of each year.

6.      Paragraph 23 of the Decree requires PRASA to implement Sewer System Reconnaissance of all of the sewers hydraulically connected to the Puerto Nuevo RWWTP Sewer System to enable complete inspections, observation and cleaning of the sewers.  During Sewer System Reconnaissance, PRASA must undertake appropriate efforts to eliminate blockages and overflows within the Puerto Nuevo RWWTP Sewer System in accordance with the Sewer System Spill Response Clean-up Plan ("SRCP").  Paragraph 25 of the Decree requires PRASA to complete the Sewer System Reconnaissance of all sewer pipes, including

the trunk sewer pipes of Miramar, Old San Juan and Hato Rey (San José), in the areas identified in Appendix L ("Priority Areas") of the Decree, and cleaning of sewer pipes with a diameter less than 30 inches in those areas, by September 15, 2018.  Paragraph 25 of the Decree also requires PRASA to modify its Sewer System Reconnaissance and Cleaning schedule to include cleaning of sewer pipes with a diameter greater than 30 inches or sections thereof if PRASA determines that any such sewer pipes were the cause of SSOs in the Priority Areas.  Paragraphs 23 and 25 of the Decree are modified to require that PRASA, with respect to such sewer lines, complete the Sewer System Reconnaissance in accordance with the schedule set forth in Table 3 below and the map attached as Appendix 3 of this Modification and implement sewer Cleaning if required by Paragraphs 8 and 9 below.

Table 3. Reconnaissance of Remaining Portions of Equal or Greater than 30-inch in Diameter Sewer Lines in Priority Areas

| Phase | Description | Compliance Dates |
|---|---|---|
| Phase 1 – East Area | Portion of sewer line depicted on map attached as Appendix 3 denoted as Phase 1 – East Area (generally sewers extending from Eduardo Conde Avenue to the Martín Peña Channel, including several segments in the Ponce de León Avenue) | 09/30/23 |
| Phase 2 – Baldorioty Area | Portion of sewer line depicted on map attached as Appendix 3 denoted as Phase 2 – Baldorioty Area (generally sewers extending from Ramón Baldorioty de Castro Avenue to Franklin D. Roosevelt Avenue) | 12/31/24 |

| Phase 3 – San Jose Area | Portion of sewer line depicted on map attached as Appendix 3 denoted as Phase 3 – Baldorioty Area (generally sewers Southwest of Ramón Baldorioty de Castro Avenue) | 06/30/26 |
|---|---|---|

7.    Paragraph 26 of the Decree provides that PRASA shall, no later than six months prior to concluding the Sewer System Reconnaissance and Sewer Cleaning in the Priority Areas, submit to EPA for review and approval a schedule for completing the Sewer System Reconnaissance and Sewer Cleaning of the PRASA sewers hydrologically connected to the Puerto Nuevo RWWTP Sewer System located outside of the Priority Areas.  PRASA has submitted to EPA a map of the areas of the Puerto Nuevo RWWTP Sewer System not included in the Priority Areas and has proposed a schedule for the Sewer System Reconnaissance and Sewer Cleaning of those areas.  Paragraph 26 of the Decree is modified to include a schedule to complete the Sewer System Reconnaissance and Cleaning in the areas set forth in the maps attached as Appendix 4 of this Modification (Maps of Areas Remaining of Puerto Nuevo RWWTP Sewer System) in accordance with the schedule set forth in Table 4 below.  For sewer lines that are less than 30 inches in diameter, PRASA shall complete a Sewer System Reconnaissance and Cleaning by the deadlines set forth in Table 4.  For sewer lines that are equal to or greater than 30 inches in diameter, PRASA shall complete a Sewer System Reconnaissance by the deadlines set forth in Table 4 and, after completing the Reconnaissance, shall implement sewer Cleaning if required by Paragraphs 8 and 9 below.

11

Table 4: Completion Dates for the Four Remaining Areas of the
Puerto Nuevo RWWTP Sewer System

| AREAS | COMPLETION DATE |
|---|---|
| Area 2 | June 30, 2025 |
| Area 3 | June 30, 2028 |
| Area 4 | June 30, 2031 |
| Area 5 | December 31, 2033 |

8.      With respect to all sewer lines that are equal to or greater than 30 inches in diameter that PRASA has already investigated pursuant to Paragraph 23-25 of the Decree, or that PRASA will investigate in the future pursuant to Paragraphs 6 and 7 above, PRASA shall implement Cleaning of any segment of such lines (portion of sewer from one manhole to the next manhole) where the investigation indicated (or indicates) that FOG, debris, solids, sand, roots and/or any other obstructions (a) have caused or contributed to an SSO, DWO, or Unauthorized Release at the location of the obstruction or at any other location in the Sewer System, or (b) are likely, based on a consideration of (i) monitoring, (ii) modeling or (iii) historic maintenance problems related to FOG, debris, solids, sand, roots and/or any other obstructions, to cause or contribute to a future SSO, DWO or Unauthorized Release at the location of the obstruction or at any other location in the Sewer System.  Within 90 days of the Court's approval of this Modification, PRASA shall submit to EPA, for review and approval, a priority scheduling methodology for determining if, where and when Cleaning (and re-inspection) is required for such sewer lines ("Priority Methodology for Cleaning") based on the

12

information obtained during the System Reconnaissance.  At least 30 days before PRASA submits the proposed Priority Methodology for Cleaning to EPA for review and approval, PRASA and EPA shall meet and discuss what PRASA intends to include in the submission. PRASA shall begin implementing the Priority Methodology for Cleaning 90 days after receiving an approval in writing from EPA.

9.    With respect to the sewer lines that are equal to or greater than 30 inches in diameter that PRASA has already investigated pursuant to Paragraphs 23-25 of the Decree, or that PRASA will investigate in the future Pursuant to Paragraphs 6 and 7 above, PRASA shall submit to EPA, for review and approval, based on the Priority Methodology for Cleaning, a Report and Cleanup Plan presenting the results of the Reconnaissance, and indicating whether, as a result of the (i) monitoring, (ii) modeling, or (iii) historic maintenance problems related to FOG, debris, solids, sand, roots and/or any other obstructions, PRASA has already cleaned or will clean any portion of the sewer and, if so, on what schedule.  PRASA shall submit such Report and Cleanup Plan for the 30-inch and greater diameter sewers previously investigated in the Priority Areas within 90 days of EPA's approval of the Priority Methodology for Cleaning. PRASA shall submit such Report and Cleanup Plan for the 30-inch and greater in diameter sewers in the Priority Areas not yet investigated by September 30, 2026.  PRASA shall submit such Report and Cleanup Plan with respect to the 30-inch and greater in diameter sewers in Area 2 by September 30, 2025, in Area 3 by September 30, 2028, in Area 4 by September 30, 2031, and in Area 5 by March 31, 2034.  If PRASA determines, at any time, that a blockage in any sewer pipe, regardless of diameter, is causing an active SSO or Unauthorized Release at that location or any other location in the Sewer System, PRASA shall implement the actions required by its Spill Response and Cleanup Plan, as required by Paragraph 62 of the Decree.

10.     Paragraph 27 of the Decree requires PRASA to collect and retain certain information concerning the condition of the sewers and to provide, in each Bi-annual Report, a description of all sewer defects found during the prior six-month period during the Sewer System Reconnaissance that hinder the operation of the Sewer System.  Paragraph 27 is revised  to require that PRASA provide, in each Bi-Annual Report, a description of all sewer defects that hinder or are likely, based on (a) monitoring, (b) modeling or (c) historic maintenance problems related to FOG, debris, solids, sand, roots and/or any other obstructions, to hinder the operation of the Sewer System.  Paragraph 27 is further revised to require that PRASA provide, in each Bi-Annual Report, the following information for each such defect: the Unique Asset Identifier, the Defect Location and Coordinates, the Date of Discovery, the Date Corrected for defects that have been corrected, the Defect Description, the presence of an active SSO or not, the Defect Status, and the Next Planned Action (including date for repair or re-inspection).  PRASA shall also include in each Bi-annual Report a separate table that shows only the defects not yet corrected.  In each Bi-annual Report submitted by PRASA after the Court's approval of this Modification, PRASA shall provide an update of both of these tables. If requested by EPA, PRASA shall provide to EPA, within 60 days of the request, the results of the application of the Sewer Defect Repair and Re-inspection Criteria, set forth at Appendix 5 of this Modification, and the Priority Methodology for Cleaning as well as any other information considered by PRASA in determining the priority and schedule for repairs, re-inspection or Cleaning.

11.     Paragraph 27 of the Decree further provides that PRASA must correct, within one year of discovery, any defects found during the Sewer System Reconnaissance that hinder the operation of the Sewer System, and that if PRASA does not intend to replace or repair such

defects within one year, PRASA is to provide EPA an explanation for the delay. Paragraph 27 further provides that EPA, in its sole discretion, not subject to dispute resolution, shall determine whether a delay beyond one year is acceptable, and that if EPA agrees that the defect need not be repaired or replaced within a year, PRASA shall include the project in its Prioritization System. The process described above is modified as follows. With respect to all defects discovered by PRASA during the Sewer System Reconnaissance that hinder or, based on (a) monitoring, (b) modeling or (c) historic maintenance problems related to FOG, debris, solids, sand, roots and/or any other obstructions, are likely to hinder the operation of the Sewer System, PRASA shall apply the Sewer Defect Repair and Reinspection Criteria, set forth at Appendix 5 of this Modification, and shall rely primarily on the results of that analysis to determine the priority of repairs as well as the dates of the repairs or, if a repair is not planned, the dates and frequency of re-inspections. As provided in Paragraph 10 above, PRASA shall report the priority of repairs or, if a repair is not planned, the dates and frequency of re-inspections, in each Bi-annual Report. If EPA does not agree with the proposed repair/replacement, Cleaning or re-inspection dates or frequency (or that re-inspection is appropriate as opposed to repair/replacement or Cleaning) or with the priority accorded a particular defect, EPA and PRASA shall meet within 45 days of the submittal of the Bi-annual Report to discuss the appropriate schedule or priority for such repair/replacement or re-inspection (including whether re-inspection is appropriate as opposed to repair/replacement or Cleaning). EPA's decision concerning the issue shall be subject to dispute resolution under Section XXXI (Dispute Resolution) of the Decree.

12.    Paragraph 28 of the Decree requires that PRASA, within three years of the Date of Lodging of the Decree, begin reporting the amount of wet weather and dry weather

discharges from CSO Outfalls, including estimated flow. Paragraph 28 also requires that PRASA, if it determines that reporting flow is not feasible as of the reporting date, explain to EPA in a written submission why such reporting is not feasible and the date when such reporting will be available for all of the CSO Outfalls. PRASA informed EPA in the Biannual Progress Report #8, submitted on November 1, 2019, that, based on the results of a pilot study, such flow reporting was not yet technically feasible. PRASA has continued to investigate flow reporting options, but has not provided EPA with a date by which such reporting will be available. Paragraph 28 is modified to require that, by May 31, 2025, PRASA have a calibrated and validated sewer system model for the Puerto Nuevo RWWTP Sewer System that enables PRASA to estimate, based on CSO outfall level monitoring and sewer system modeling, the volume of each CSO discharge.

13.    Paragraph 30.e of the Decree requires PRASA to report in its Bi-annual Reports the following information with respect to the Puerto Nuevo RWWTP Sewer System: the location (including physical address and coordinates) of all SSOs, DWOs, and/or Unauthorized Releases within the prior six months, the dates of corrections, and any SSO, DWO or Unauthorized Release that has not been corrected during the prior six-month period, and the reason(s) why such SSO, DWO or Unauthorized Release has not been corrected. Paragraph 30.e of the Decree is revised to require that PRASA report the following additional information with respect to the Puerto Nuevo RWWTP Sewer System: (a) the date and time that PRASA discovered the SSO, DWO or Unauthorized Release; (b) the estimated flow rate of the SSO or Unauthorized Release; (c) the diameter of the pipe for the SSO or Unauthorized Release; (d) the cause of the SSO, DWO or Unauthorized Release; and (e) the date and time that the SSO, DWO or Unauthorized Release ended. For any SSO, DWO or Unauthorized Release that has

16

not been corrected within the prior six-month period, PRASA shall also provide the planned correction date for any such SSO, DWO or Unauthorized Release.  Commencing by May 31, 2025, PRASA shall report, in its Bi-annual reports, information concerning each CSO in the Puerto Nuevo RWWTP Sewer System, including the location (physical address and coordinates) of the CSO Outfall, the date and approximate time the CSO activation began, the date and approximate time the CSO activation ended, and the estimated volume of the discharge.

14.     Paragraph 42 of the Decree requires that PRASA provide EPA and the Puerto Rico Department of Health (PRDOH), if applicable, a Prioritization Report for review and approval if PRASA experiences a significant financial change or new CWA or SDWA compliance obligations that affect its ability to meet the deadlines in Appendix I (Capital Projects Subject to Prioritization) of the Decree.  In cases involving a significant financial change, such reports are to include information explaining the significant financial change (including, but not limited to, all financial documents and relevant correspondence explaining the significant financial change).  Paragraph 42 of the Decree is modified to provide that any such reports also include an analysis of such financial information in accordance with EPA's Clean Water Act Financial Capability Assessment Guidance dated February 2023, or any amendments of that guidance.   Paragraph 42 of the Decree is further modified to provide that PRASA post to its website any Prioritization Report submitted to EPA under Paragraph 42 including, without limitation, the Financial Capability Assessment submitted with such report. PRASA shall post such Prioritization Report in its website within fifteen days of reporting the information to EPA.   The information on PRASA's website described above shall be readily assessable, searchable, and clearly labeled.

15.     Paragraph 45 of the Decree requires that PRASA provide certain financial information to EPA on an annual basis.  Paragraph 45 of the Decree is modified to require that PRASA post on its website any financial information provided to EPA under Paragraph 45.  PRASA shall post such information within one week of providing the information to EPA.  The information on PRASA's website described above shall be readily assessable, searchable, and clearly labeled.

16.     PRASA may claim that all or part of a document submitted to EPA pursuant to Paragraphs 42 or 45 of the Decree is confidential business information ("CBI") to the extent permitted by and in accordance with 40 C.F.R. § 2.203(b).  PRASA shall segregate and shall clearly identify all records or parts thereof which it claims CBI by labeling each page or each electronic file "claimed as confidential business information" or "claimed as CBI." Records that PRASA claims to be CBI will be afforded the protection specified in 40 C.F.R. part 2, subpart B, and PRASA need not publish such documents on its website unless EPA makes a preliminary and final determination that the document does not contain CBI, pursuant to 40 C.F.R. §§ 2.204 and 2.205, and either PRASA has not sought judicial review of that decision or, if PRASA has sought judicial review, a final non-appealable order has been issued affirming EPA's determination.

17.     Paragraph 59 of the Decree required PRASA to continue to implement a Process Control System ("PCS") at all of its STSs and WWTPs.  Paragraph 59 of the Decree is modified to require that PRASA shall fully implement revised and updated PCSs at the STSs and WWTPs in the East, North and South regions by June 30, 2023.

18.     Paragraph 65 and Appendix W (Minimum Requirements for PRASA's Sewer System Response and Clean-Up Plan) of the Decree require PRASA to implement a Spill

Response and Cleanup Plan ("SRCP"). Appendix W, Section 9, requires PRASA to include in the SRCP criteria and strategies for public notification of SSOs/CSOs. Appendix W is modified to require that PRASA, at the time it submits its Bi-annual Reports to EPA, also post to its website the information concerning SSOs, Unauthorized Releases, and CSOs that is required by Paragraph 30.e of the Decree, as modified by Paragraph 13 above. The information on PRASA's website described above shall be readily accessible, searchable, and clearly labeled.

19.    Section XXII (Penalties) of the Decree requires PRASA to pay stipulated penalties for certain violations of the Decree, unless excused under Section XXVII (Force Majeure). This Modification does not address, and shall have no impact on, PRASA's liability for stipulated penalties for any past or future violations of the Decree including, without limitation, the failure to implement projects in a timely manner as well as the failure to meet effluent limits and the other obligations subject to automatic stipulated penalties.

20.    Unless specifically modified by this Modification, the terms of the Decree, including the terms of the specific paragraphs referred to above, are unaffected by this Modification and shall remain in full force and effect.

21.    This Modification shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Modification disclose facts or considerations indicating that the Modification is inappropriate, improper, or inadequate. PRASA consents to entry of this Modification without further notice and agrees not to withdraw from or oppose entry of this Modification by the Court or to challenge any provision

19

of the Modification, unless the United States has notified PRASA in writing that it no longer supports entry of the Modification.

22.     If for any reason the Court should decline to approve this Modification in the form presented, this agreement is voidable at the sole discretion of either of the Parties and the terms of the agreement may not be used as evidence in any litigation between the Parties.

So ORDERED this Thursday, October 31, 2024.

s/ Jay A. Garcia-Gregory
_____
Honorable Jay A. García Gregory
United States District Judge

20